

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAN CAVINDER, ET AL.,               §
                                    §
        Plaintiffs,                 §
                                    §
VS.                                 §   NO. 4:14-CV-021-A
                                    §
JPMORGAN CHASE BANK, N.A.,          §
ET AL.,                             §
                                    §
        Defendants.                 §

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment

filed in the above action by defendants, JPMorgan Chase Bank,

N.A. ("Chase"), and U.S. Bank National Association, as Trustee,

successor in interest to Bank of America, National Association as

Trustee as successor by merger to LaSalle Bank, National

Association as Trustee for Washington Mutual Mortgage Pass-

Through Certificates WMALT Series 2006-5 ("U.S. Bank").

Plaintiffs, Dan Cavinder and Cleta Cavinder, filed a response,

and defendants filed a reply.  Having considered all of the

parties' filings, the entire summary judgment record, and the

applicable legal authorities, the court concludes that the motion

should be granted.

I.

Background

Plaintiffs initiated this removed action by the filing on January 2, 2014, of their original petition, application for temporary restraining order and for temporary injunction in the District Court of Tarrant County, Texas, 96th Judicial District. Following removal, the court ordered plaintiffs to file an amended complaint, in which they asserted the following claims and causes of action against defendants:  (1) breach of contract; (2) conversion and misappropriation; (3) violations of the Texas Debt Collection Act ("TDCA"), sections 392.301 and 392.304 of the Texas Finance Code; (4) violations of the Texas Deceptive Trade Practices Act, sections 17.46(a), 17.46(b)(12), and 17.50(a) of the Texas Business and Commerce Code; (5) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(E)-(F); (6) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (7) liable; (8) negligence/negligent misrepresentation; and, (9) a request for injunctive relief.

II.

The Summary Judgment Motion

To the extent plaintiffs' breach of contract claim is grounded on their contention that defendants breached a prior

2

settlement agreement entered into between the parties, defendants argue for summary judgment because the agreement was void and plaintiffs failed to perform.  To the extent plaintiffs contend defendants breached the loan documents, plaintiffs failed to establish all of the elements required for such a claim.

Defendants further argue for summary judgment on plaintiffs' claim for conversion because it is barred by limitations, the establishment of the escrow account, which forms the basis of the claim, was proper, and plaintiffs do not allege that the converted money was a specific chattel.  As to the misappropriation claim, it is barred by limitations and also fails to allege any facts pertaining to trade secrets.  The libel claim should be dismissed because it is preempted by the FCRA, and plaintiffs fail to allege all of the necessary elements to establish such a claim.

Defendants contend that summary judgment is warranted on plaintiffs' claims under the FCAPA and TDCA because Chase is not a debt collector, and plaintiffs' allegations regarding the TDCA are conclusory without any supporting facts.  Plaintiffs also failed to allege any causal link between any damages they have incurred and any alleged conduct of defendants.

Defendants argue for summary judgment on the DTPA and RESPA claims because plaintiffs have not established the factual basis

3

for the DTPA claim, the RESPA claim is barred by limitations, and
the evidence establishes there was no RESPA violation.
Defendants maintain that plaintiffs' negligence/negligent
misrepresentation claims should be dismissed because plaintiffs
cannot establish the necessary elements, and the claims are
barred by limitations.  Finally, because none of plaintiffs'
claims or causes of action have merit, they are not entitled to
injunctive relief.

### III.

### Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides
that the court shall grant summary judgment on a claim or defense
if there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law.  Fed. R. Civ.
P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247
(1986).  The movant bears the initial burden of pointing out to
the court that there is no genuine dispute as to any material
fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial."  Id. at 323.

4

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[1] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the

---

[1]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

non-moving party, there is no genuine issue for trial.
Matsushita, 475 U.S. at 597; see also Mississippi Prot. &
Advocacy Sys., 929 F.2d at 1058.

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the
motion for summary judgment that is undisputed in the summary
judgment record:

On or about September 21, 2007, plaintiffs signed a note in
the amount of $143,500.00, in favor of Quicken Loans, Inc.,
secured by a deed of trust, for the purchase of property at 6440
Diamond Loch North, North Richland Hills, Tarrant County, Texas.
The deed of trust was recorded in the real property records of
Tarrant County, Texas.

At the time they obtained the loan, plaintiffs executed a
waiver of escrow.  The waiver document informed plaintiffs, and
they understood, that their failure to timely pay the taxes and
insurance, or failure to timely provide proof of such payment
upon request of the lender, would authorize the lender to
establish an escrow account for the payment of taxes and
insurance, and that the same would cause plaintiffs' monthly
payment to increase.  Plaintiffs failed to timely pay their 2006
and 2007 taxes; consequently, Chase paid the taxes in 2008 and

established an escrow account.

When the tax payment created an escrow shortage, defendants sent plaintiffs an escrow statement informing them of their payment options. Specifically, the notice informed plaintiffs that if they did not pay the entire escrow shortage of $9,129.67 by a certain date, the escrow shortage would be divided into twelve monthly amounts that would be added to the principal and interest, and the new monthly payment for their mortgage loan would be $2,164.47, effective September 1, 2008. Plaintiffs did not pay the full amount of the escrow shortage, and, as they were advised, their loan payment increased to $2,164.47. Plaintiffs failed to make any payments in the amount of $2,164.47; the most plaintiffs ever paid on their loan after the September 1 increase was $2000, resulting in a default on the loan. Plaintiffs in December 2009 requested and received a payment history for their loan.

At some point unspecified in the record, foreclosure proceedings were initiated against plaintiffs' property. On February 1, 2010, plaintiffs filed suit against defendants in case number 153-243412-10 in the District Court of Tarrant County, Texas, 153rd Judicial District, and plaintiffs obtained a restraining order to stop the foreclosure sale. On or about April 6, 2011, the parties participated in a mediated settlement

7

conference, where the parties reached an agreement ("Agreement").
The terms of the Agreement included a $10,000 payment to
plaintiffs and their counsel, with plaintiffs providing a form
1099 to defendants; plaintiffs could apply for a loan
modification "at 2% for 5 years, increasing by 1% per year after
5 years to a maximum of 4.875%," with a term of 480 months and a
principal balance of approximately $139,474," or similar terms
that could also include a balloon payment, subject to loan
approval, App. in Supp. Of Mot. for Summ. J. at 28; "full
releases as of date of modification and payment and dismissal
with prejudice," _id._; and, "credit bureau entry re: loan was in
dispute and dispute was resolved by agreement." _Id._

During the mediated settlement conference, plaintiffs failed
to disclose that on March 5, 2007, prior to the date of the
settlement conference, they had filed for bankruptcy under
Chapter 7 of the United States Bankruptcy Code in case number 07-
40995-rfn7, in the United States Bankruptcy Court for the
Northern District of Texas.  Although plaintiffs listed the debt
secured by the deed of trust on their schedules in the bankruptcy
action, they failed to reaffirm the debt prior to receiving a
discharge on September 6, 2007.

Further, after the parties entered into the Agreement,
plaintiffs failed to furnish defendants with the form 1099 as

required, and they also failed to dismiss their suit against defendants with prejudice as required by the Agreement.  Instead, the state court on October 10, 2011, dismissed the action for want of prosecution.  Plaintiffs have failed to make any payments on their mortgage since approximately 2009.

V.

Analysis

A.   Breach of Contract

To sustain a breach of contract action under Texas law requires plaintiff to show: (1) the existence of a valid contract; (2) plaintiff performed or tendered performance under the contract; (3) breach by defendant; and, (4) the breach damaged plaintiff.  Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (quoting Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.--Houston [14th Dist.] 2005, pet. denied).  A plaintiff claiming breach of contract must also identify which provisions of a contract the defendant has allegedly breached. Additionally, "a party to a contract who is himself in default cannot maintain a suit for its breach." Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam) (citation omitted).

1.   Breach of Settlement Agreement

Defendants contend that the claim for breach of the settlement agreement fails because of impossibility and for lack

9

of consideration.  "Consideration is a present exchange bargained for in return for a promise."  <u>Roark v. Stallworth Oil & Gas, Inc.</u>, 813 S.W.2d 492, 496 (Tex. 1991).  Consideration involves either a benefit to the promisor or a detriment to the promisee.  <u>Id.</u>  "The detriment must induce the making of the promise, and the promise must induce the incurring of the detriment."  <u>Id.</u>

The court finds that this claim should be dismissed for lack of consideration.  In the Agreement plaintiffs promised that they would dismiss their state court suit with prejudice.  Nothing else was offered to defendants in return for defendants' promises in the Agreement.  It is undisputed that the state court dismissed plaintiffs' state court action in case number 153-243412-10 for want of prosecution.  Such was not a dismissal with prejudice as promised by plaintiffs in the Agreement.  Accordingly, the court finds the Agreement is of no effect because plaintiffs never dismissed the state court action with prejudice.

    2.  <u>Breach of Note and Deed of Trust</u>

As noted, a plaintiff who is in default cannot maintain an action for breach of the contract.  <u>Dobbins</u>, 785 S.W.2d at 378·  Here, it is undisputed that plaintiffs have failed to make a full payment on their mortgage loan since approximately 2009.  Having failed to show that they performed under the contract, plaintiffs

10

cannot establish the required elements of their breach of contract claim.

B.   Conversion and Misappropriation Claim
     Barred by Limitations[2]

The limitations period for a conversion claim is two years. Tex. Civ. Prac. & Rem. Code § 16.003; Burns v. Rochon, 190 S.W.3d 263, 271 (Tex. App. 2006--Houston [1st Dist.], no pet.).  A cause of action for conversion accrues at the time of the unlawful taking.  Burns, 190 S.W.3d at 271.

The factual basis of the conversion claim is the creation by defendants of an escrow account in 2008 with which defendants could pay the taxes and insurance on plaintiffs' property after they failed to do so.  Plaintiffs were informed of the shortage and creation of the escrow account in an escrow statement dated July 3, 3008, and they were informed at that time about their options for bringing the escrow account current.  When plaintiffs failed to elect an option by September 1, 2008, a portion of plaintiffs' monthly payments was applied to the escrow account. Hence, the purported unlawful taking in this action occurred in September 2008, requiring plaintiff to assert their conversion

---

[2]Defendants argue that the three-year limitations period in section 16.010 of the Texas Civil Practice & Remedies Code, governing claims for misappropriation of trade secrets, applies, although plaintiffs do not allege any facts pertaining to trade secrets.  From a reading of the complaint it appears the misappropriation allegation is an extension of the conversion claim, rather than a stand-alone cause of action.

claim no later than September 2010. This action, initiated by plaintiffs in January 2014, is well beyond the limitations period and is barred.

C.   <u>Libel</u>

To prevail on their libel claim requires plaintiffs to prove defendants published a statement about them, that was defamatory to them, while acting negligently concerning the truth of the statement. <u>WFAA-TV, Inc. v. McLemore</u>, 978 S.W.2d 568, 571 (Tex. 1998). A statement is defamatory if it is false, which plaintiffs bear the burden to prove. <u>El-Khoury v. Kheir</u>, 241 S.W.3d 82, 85 (Tex. App.--Houston [1st Dist.] 2007, pet. denied).

Here, plaintiffs' libel claim is based on their allegations that defendants have reported plaintiffs' failure to make their mortgage payments to the credit reporting bureaus. However, although plaintiffs contend those statements are false, plaintiffs have failed to direct the court to any evidence in the summary judgment record to prove either the falsity of the statements or to prove that plaintiffs have made the payments. Accordingly, summary judgment is warranted on this claim.

D.   <u>FDCPA Claim</u>

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. 15 U.S.C. § 1692(e); <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th

Cir. 1985), <u>modified on other grounds by</u> 761 F.2d 237.  The term "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692(a(6).  Excluded from the definition is "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  <u>Id.</u>, § 1692(a)(6)(A).  The legislative history of section 1692a(6) also indicates conclusively that a debt collector does not include the consumer's creditors or a mortgage servicing company.  <u>Perry</u>, 756 F.2d at 1208.

Here, the amended complaint alleges that Chase is the servicer of plaintiffs' mortgage loan.  As the loan servicer, Chase is not a "debt collector" as contemplated by the statute. <u>Id.</u>  Further, U.S. Bank is the assignee of plaintiffs' mortgage loan and in that capacity is also not a debt collector under the FDCPA.  <u>See</u> <u>Montgomery v. Wells Fargo Bank, N.A.</u>, 459 F. App'x 424, 428 (5th Cir. 2012) (affirming summary judgment on plaintiff's FDCPA claim in favor of defendant, the assignee of plaintiff's mortgage loan, because "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA.").

Additionally, the allegations in the amended complaint pertaining to the FDCPA merely recite the statutory language in conclusory fashion, but direct the court to no facts in support of this claim.

In their response plaintiffs make the conclusory assertion that defendants are, in fact, engaged in debt collection for purposes of the FDCPA.  Plaintiffs state that "[t]he facts pleaded and argued by the parties in the MSJ and detailed in Plaintiff DAN CAVINDER's deposition testimony clearly establish debt collection activity" by defendants.  Br. in Supp. of Pls.' Resp. to Defs.' Mot. for Summ. J. ("Pls.' Resp.") at 5. Plaintiffs have directed the court to none of those facts, nor did they identify the portions of Dan's deposition that support this statement.  To defeat summary judgment requires plaintiffs to "go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001).  It is not incumbent on the court "to search the record for the non-moving party's evidence."  Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003).  Because plaintiffs have failed to identify with specificity the facts or the evidence in the record that create a genuine issue of material fact, summary judgment is warranted on this claim.

14

E.    TDCA

Plaintiffs contend that defendants violated sections 392.301 and 392.304 of the Texas Finance Code.  Section 392.301 provides that a debt collector may not use "threats, coercion, or attempts to coerce" that employ any of a list of prohibited practices. Similarly, section 392.304 prohibits a debt collector from using "fraudulent, deceptive, or misleading representation[s]" that include certain practices.

Defendants contend that plaintiffs have failed to allege any facts to support their TDCA claims, but instead have alleged only conclusory statements.  The court agrees.

Plaintiffs seem to allege that defendants violated § 392.301 (a)(8), threatening to take an action prohibited by law.  Under the TDCA heading in the complaint, plaintiffs contend that defendants violated the statute by converting and misappropriating plaintiffs' funds by creating the escrow account, failing to provide proper notice of the true amount of the debt or time to pay the debt, and further, that defendants

> demanded the payment of funds that are not owed to them
> and payment in amount above and beyond what is owed to
> them in this matter.  Defendants have also failed to
> give notice of the debt. . . . Defendants have violated
> [these] provisions when despite requested to do so,
> they failed to produce original loan documents and
> proof of their right to it when these issues first
> arose.

15

First Am. Compl. at 15 (errors in original).  None of the acts described above can be considered as threatening to take an action prohibited by law.

In the response, plaintiffs seem to imply that defendants' attempts to initiate foreclosure proceedings on their property violated the TDCA.   Foreclosure is not an action prohibited by law.   Further, the statute expressly exempts from coverage the actions a debt collector might take in "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code Ann. § 392.301(b)(3).  Defendants had the authority to foreclose on the property, so its actions in that regard did not violate section 392.301(a)(8).  The court can find no other allegations in the complaint to support a claim of violation of section 392.301.

Plaintiffs also allege a violation of section 392.304(8), misrepresenting the character, extent, or amount of a consumer debt.  The court agrees that the allegations noted above are conclusory and, more importantly, contradicted by the record. The summary judgment record shows that: plaintiffs agreed in the escrow waiver that defendants could establish and pay escrow funds if plaintiffs failed to maintain current payments for taxes and insurance; plaintiffs became delinquent on those payments;

16

defendants established the escrow account and informed plaintiffs of the amount of the shortfall and the amount needed to keep the account current; and, plaintiffs failed to make the required payments.  Plaintiffs have offered no controverting evidence. Thus, no evidence is before the court as would support their contentions pertaining to § 392.304(8).

In their response, plaintiffs rely on <u>Biggers v. BAC Home Loans Servicing, LP</u>, 767 F. Supp. 2d 725, 732 (N.D. Tex. 2011), and <u>Kaltenbach v. Richards</u>, 464 F.3d 524, 529 (5th Cir. 2006). Notably, plaintiffs do not explain how these cases are applicable to the facts now before the court.  Most puzzling is plaintiffs' reliance on <u>Kaltenbach</u>, as that case deals solely with the question of who is a debt collector under the federal debt collection act.  As <u>Kaltenbach</u> involved an appeal from a decision of a District Court in Louisiana, the case has no relevance to a claim under the <u>Texas</u> debt collection act, and plaintiffs offer nothing by way of explanation in their brief.  Accordingly, the court finds that summary judgment is warranted on plaintiffs' TDCA claims.

F.   <u>DTPA</u>

"The DTPA grants consumers a cause of action for false, misleading, or deceptive acts or practices."  <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644, 649 (Tex. 1996) (quoting Tex. Bus. &

17

Com. Code § 17.50(a)(1)).  The statute defines a consumer as "an individual . . . who seeks or acquires by purchase or lease, any goods or services."  Tex. Bus. & Comm. Code § 17.45(4).  Thus, to prevail on a claim under the DTPA requires plaintiffs to show, inter alia, that they sought or acquired, by purchase or lease, goods or services from the defendants, and that the goods or services leased or purchased form the basis of the complaint. Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981).

The fatal flaw as to plaintiffs' DTPA claim is that there are no allegations that plaintiffs sought or acquired goods or services from defendants that form the basis of their complaint. The factual basis of this action is the creation by defendants of an escrow account into which they diverted plaintiffs' loan payments, and defendants' purported breach of the Agreement. Whether or not obtaining the original loan would have constituted the "lease or purchase of goods or services," that loan is not at issue here.

In their response plaintiffs rely on Dixon v. Brooks, 604 S.W.2d 330 (Tex. Civ. App.--Houston [14th Dist.] 1980, writ ref'd n.r.e.), for the proposition the DTPA "appl[ies] to misconduct of Defendants in deceptively entering into the mediated settlement agreement with what appears to be no intention whatsoever of

18

performing."  Pls.' Resp. at 6.  However, nothing in <u>Dixon</u>
pertained to a settlement agreement of any kind, nor does that
case allow DTPA liability when that claim is not based on the
purchase or lease of goods or services.  Nothing in the response
directs the court to facts alleged in the complaint that would
show the DTPA claim is grounded on the lease or purchase of goods
or services.  Accordingly, that claim is dismissed.

G.   <u>RESPA</u>

Section 2605(e) of RESPA requires a mortgage servicer to
provide a written response to a borrower's qualified written
request for information related to the servicing of the loan.  12
U.S.C. § 2605(e).  RESPA claims under § 2605 are subject to a
three year statute of limitations.  <u>Id.</u> at § 2614.  The
limitations period begins to run from the date of the alleged
violation.  <u>Snow v. First Am. Title Ins. Co.</u>, 332 F.3d 356, 359
(5th Cir. 2003).

Here, the only allegations in the complaint pertaining to
the RESPA claim are that plaintiffs requested information about
the status of their loan from around December 2009 through
approximately February 2010.  Any claim for alleged violations
must have been raised within three years, or by February 2013 at
the latest.

Plaintiffs argue in their response that the RESPA violation

is "ongoing because of accruals to the Note . . . and because the banks seek the Plaintiffs' property."  Pls.' Resp. at 7.  Neither of these statements vitiates the limitations period.  Section 2605(e)--the only section of the statute allegedly violated by defendants--pertains to a mortgage servicer's response to a qualified written request.  "Accruals to the note" and a lender's attempt to foreclose have no bearing on whether or not the servicer has complied with the section 2605(e).  Accordingly, this action, initiated in January 2014, is well beyond the applicable three-year limitations period.

H.   Negligence/Negligent Misrepresentation

Defendants argue for dismissal of these claims on the grounds that they are barred by limitations.  The limitations period for negligence or negligent misrepresentation claims is two years after the cause of action accrues.  Tex. Civ. Prac. & Rem. Code § 16.003; TIG Ins. Co. v. Aon Re, Inc., 521 F.3d 351, 354-55 (5th Cir. 2008).  A cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."  TiG Ins., 521 F.3d at 355.

In the instant case, the negligence claims and causes of action are grounded on defendants' unilateral creation of the escrow account and their transferring plaintiffs' mortgage

payments into the escrow account and purported representations as to the correct amount of plaintiffs' monthly mortgage payments. The record shows that the no payments have been made on the mortgage loan since late 2009, so no misrepresentations or other wrongful acts would have occurred after that date. Consequently, all of the alleged wrongful acts on which the negligence and negligent misrepresentation claims are based occurred in 2008 or approximately September or October 2009, and such claims must have been brought by plaintiffs no later than September or October 2011. The negligence and negligent misrepresentation claims, filed in this action on January 2014, are barred by limitations.

I.   Injunctive Relief

Because the court has granted summary judgment on all of plaintiffs' claims, there is nothing on which to base their claim for injunctive relief.

VI.

Order

Therefore,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs, Dan and Cleta Cavinder, against defendants, Chase and U.S. Bank, be, and are hereby,

21

dismissed with prejudice.

SIGNED March 13, 2015..

_____
JOHN McBRYDE
United States District Judge